**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| VICKIE L. COMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-00454-JAR |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Plaintiff Vickie L. Combs's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act.

**I.     Background**

On March 13, 2019, Plaintiff filed applications for DIB and SSI with an alleged disability onset date of March 1, 2018.[1] (Tr. 96-97, 157-164). Plaintiff claimed disability due to bipolar disorder; fibromyalgia; gastroparesis; endometriosis; and major depression. (Tr. 101). After her applications were denied on August 13, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 10). A telephone hearing was held on July 17, 2020. *Id.* Plaintiff was represented by counsel. *Id.* After considering testimony from Plaintiff and an impartial vocational expert ("VE") (Tr. at 10-28), the ALJ issued an unfavorable decision on August 24, 2020. (Tr. 7). On March 17, 2021, the Appeals Council denied Plaintiff's request for

---

[1] Plaintiff later amended her alleged onset date to July 3, 2018. (Tr. 39).

1

review. (Tr. 1). As such, the decision of the ALJ stands as the final decision of the Commissioner of Social Security. See Sims v. Apfel, 560 U.S. 103, 107 (2000). Plaintiff filed this appeal April 21, 2021. (Doc. No. 1). The Commissioner filed an answer on August 4, 2021 (Doc. No. 13). Plaintiff filed her brief in support of the complaint on December 2, 2021 (Doc. No. 21) and the Commissioner filed her brief in support of the answer on March 4, 2022 (Doc. No. 27).

## II. Facts

This Court adopts Plaintiff's Statement of Uncontroverted Material Facts (Doc. No. 21-1), to the extent the Commissioner admits them. (Doc. No. 27-1). This Court also adopts the Commissioner's Statement of Additional Facts (Doc. No. 27-2). Together, these statements provide a fair and accurate description of the relevant record before the Court. Additional specific facts will be discussed as necessary to address the parties' arguments.

## III. Standards

The Court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. *Adkins v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 547, 550 (8th Cir. 2018); *see also Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough that a reasonable mind would accept it as adequate to support the Commissioner's conclusion. *Sloan v. Saul*, 933 F.3d 946, 949 (8th Circ. 2019) (citing *Chismarich v. Berryhill*, 888 F.3d 978, 979) (8th Cir. 2018) (per curiam)). The Court may not reverse merely because substantial evidence exists in the record that would support a contrary outcome, or because the court may have decided the case differently. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). A reviewing court must consider evidence that both supports and detracts from the ALJ's decision. *Id.* If it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must

affirm the decision of the Commissioner. *Id.* In other words, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015). A decision does not fall out of the zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.* The Court defers heavily to the findings and conclusions of the Social Security Administration. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quoting Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010)).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;
(2) The education, background, work history, and age of the claimant;
(3) The medical evidence given by the claimant's treating physicians;
(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
(5) The corroboration by third parties of the claimant's physical impairment;
(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment;
(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *see also Stamper v. Colvin*, 174 F. Supp. 3d 1058, 1063 (E.D. Mo. 2016).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382(a)(3)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot,

3

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-01 (8th Cir. 2004)). First, the claimant must not be engaged in "substantial gainful activity" ("SGA"). 20 C.F.R §§ 416.920(c), 404.1520(c). Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 416.920(c), 404.1520(c). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043. (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001)).

If the claimant has a severe impairment, the ALJ must determine at step three whether any of the claimant's impairments meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

If the claimant's impairment does not meet or equal a Listing, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00;

4

20 C.F.R § 404.1520a(c)(3). RFC is an assessment of the claimant's ability to perform sustained work-related physical and mental activities in light of his impairments. SSR 96–8p. The relevant mental work activities include understanding, remembering, and carrying out instructions; responding appropriately to supervision and co-workers; and handling work pressures in a work setting. 20 C.F.R § 404.1545(c).

At step four, the ALJ must determine whether, given the claimant's RFC, the claimant can return to his past relevant work. 20 C.F.R §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012). If the claimant can still perform past relevant work, he will not be found to be disabled; if not, the ALJ proceeds to step five to determine whether the claimant is able to perform any other work in the national economy in light of his age, education, and work experience. 20 C.F.R §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v).

Through step four, the burden remains with the claimant to prove he is disabled. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012). "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Harris v. Barnhart*, 356 F.3d 926, 931 n. 2 (8th Cir. 2004); *see also Stamper*, 174 F. Supp. 3d at 1063.

**IV.     Decision of the ALJ**

The ALJ found that Plaintiff had not engaged in substantial gainful activity following the alleged amended onset date. (Tr. 12). The ALJ found that Plaintiff had the severe impairments of chronic obstructive pulmonary disease (COPD), lumbago, fibromyalgia, major depressive

5

disorder, generalized anxiety disorder, post-traumatic stress disorder, and low average IQ, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-14).

After consideration of the medical record and testimony, the ALJ assessed Plaintiff's RFC as permitting the performance of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following limitations:

> The claimant could lift no more than 20 pounds occasionally and 10 pounds frequently, could stand/walk for a total of six hours in an eight-hour workday and sit for a total of six hours in an eight-hour workday. The claimant can never climb ladders, ropes, or scaffolds, can occasionally climb ramps or stairs, and an occasionally kneel, crouch, crawl, and stoop. The claimant can have no exposure to dangerous, unprotected heights or dangerous, unprotected moving machinery. The claimant can have no concentrated exposure to pulmonary irritants. The claimant can perform simple, routine tasks that involve working with things and that can be performed independently. After any initial training period is complete, social interaction must be occasional at a maximum, and superficial in nature meaning no arbitration, negotiation, confrontation of others or supervision of others, and it must be limited to coworkers and supervisors, with no direct interaction with the general public.

(Tr. 19). Notably, Plaintiff is only appealing the ALJ's mental RFC finding.

Based on the testimony of the VE, the ALJ concluded that Plaintiff is unable to perform any past relevant work (Tr. 26), but that, after considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she could perform, such as a merchandise maker, linen supply load builder, and palletizer. (Tr. 27).

**V.   Discussion**

The issue on appeal is whether the ALJ's mental RFC finding is supported by substantial evidence on the record as a whole. Plaintiff argues the ALJ failed to properly consider her subjective statements regarding her social limitations by placing too much emphasis on her

6

relationship with her daughter and overlooking evidence that she was unable to get along with others. (Doc. No. 21 at 4). She points to her documented difficulties with non-family members and particularly aggression towards neighbors, her daughter's boyfriend, and strangers in public. (Tr. 574, 576, 727, 786, 834-35, 846). The Commissioner responds that substantial evidence supports the ALJ's mental RFC but that in any event, the ALJ credited Plaintiff's alleged difficulty being around others, regardless of whether they were family members, by limiting her to only occasional, superficial interactions in the RFC. (Doc. No. 27 at 5-8).

A claimant's RFC is "the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue,* 641 F.3d 909, 923 (8th Cir. 2011) (internal quotations, alteration and citations omitted); 20 C.F.R. § 404.1545(a)(1). It is the claimant's burden rather than the Commissioner's to prove claimant's RFC. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001). In formulating a claimant's RFC, the ALJ must consider all the relevant, credible record evidence, including a claimant's medical records, observations from treating and examining physicians, and a claimant's subjective statements. *See Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007).

At the administrative hearing, Plaintiff testified that she was referred for mental health services by her primary care nurse practitioner in 2018 for severe anxiety, depression, and "really bad" mood swings. (Tr. 43). It was Plaintiff's testimony that she is easily agitated and prone to sudden aggression, which impacts her ability to get along with others and to hold a job. (Tr. 43-44, 226). She reported irritability, angry outbursts, and aggressive behavior towards others, including family members. (Tr. 45). When Plaintiff was feeling depressed – approximately four days a week – she would not feel like doing anything and have trouble leaving her house. (Tr. 44).

7

After consideration of all the record evidence, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical and other evidence of record. (Tr. 20). In particular, the ALJ noted that while Plaintiff reported trouble getting along with others, her counseling notes primarily reflected her difficulties and stresses in dealing with her daughter and grandchild; the record did not reflect difficulties getting along with others outside of Plaintiff's own family. (*Id.*). The ALJ further noted Plaintiff's mostly normal mental status examinations. (*Id.*).

When evaluating subjective complaints, the ALJ is never free to ignore the subjective testimony of the claimant. *Huston v. Kijakazi*, No. 4:20 CV 841 RWS, 2021 WL 4148340, at *7 (E.D. Mo. Sept. 13, 2021) (citing *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984)). The ALJ may, however, discredit a claimant's subjective complaints when they are inconsistent with the record as a whole. *Id.* The ALJ must consider: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence to support the claimant's complaints. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The Court defers to the ALJ's assessment of the claimant's subjective complaints if that assessment is adequately explained and supported by the record as a whole. *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018); *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007).

Here, the ALJ provided valid and well-supported reasons for discounting Plaintiff's subjective complaints. The ALJ first considered the lack of objective medical findings to support

8

Plaintiff's claims of mental disability during the relevant period, noting that Plaintiff's treatment records documented "largely normal" mental status signs. (Tr. 24). She was often fully alert and oriented, with a normal mood and affect. At times, she was described as pleasant, cooperative, with intact thought processes, and intact memory. She generally denied suicidal ideations, and often had normal speech. She typically had good hygiene and was appropriately dressed. (Tr. 568, 356, 371, 745, 753). *See Goff*, 421 F.3d at 792 (holding proper the ALJ's consideration of mild objective medical findings as one factor in assessing creditability of subjective complaints).

During a July 2018 appointment with Bhaskar Gowda, M.D., Plaintiff reported "feeling better on her medications" and that her "mood swings are better now." (Tr. 565). *See* 20 § C.F.R. 404.1529(c)(3)(iv) (explaining the agency considers the "effectiveness" of medication when evaluating symptoms); *Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir. 2010) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.").

Plaintiff argues that her treatment records with Dr. Gowda contradict the ALJ's assertion that she had mostly normal mental status signs upon examination, noting she frequently reported an anxious, irritable, and depressed mood during the relevant period. However, even if this Court would reach a different conclusion, it would not be grounds to overturn the ALJ's finding. *Papesh*, 786 F.3d at 1131. So long as it is possible to draw the Commissioner's conclusion, then this Court will affirm it. *Chaney*, 812 F.3d at 676; *Bradley v. Astrue,* 528 F.3d 1113, 1115 (8th Cir. 2008) ("An ALJ's decision is not outside the zone of choice simply because we might have reached a different conclusion had we been the initial finder of fact.").

The ALJ also considered that Plaintiff did not have any psychiatric related hospitalizations during the relevant period, or the need for any emergent treatment. (Tr. 24). *See* 20 C.F.R. § 404.1529(c)(3)(v) (explaining the agency considered the claimant's "treatment, other than

9

medication, [the claimant] receive[s] or ha[s] received for relief of the [the claimant's] pain or other symptoms" when evaluating symptoms); *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (conservative treatment weighs against credibility); *Tourville v. Kijakazi*, No. 4:20 CV 719 DDN, 2021 WL 2935888, at *7 (E.D. Mo. July 13, 2021) (same).

The ALJ considered the findings offered by the State agency reviewing physician J. Edd Bucklew, Ph.D., who assessed Plaintiff with moderate limitations in understanding, remembering, or applying information; interacting with others; concentration, persistence, or pace; and adapting or managing oneself. (Tr. 71-73, 91-92). Dr. Bucklew opined that Plaintiff can generally relate appropriately to coworkers and supervisors in small numbers and for short periods of time. She can be expected to perform best in a work setting where she can complete tasks relatively independently and where social interaction is not a primary job requirement. She can make simple work-related decisions and her ability to adapt to routine changes in the workplace is intact for most situations. (Tr. 73, 92).

The ALJ found Dr. Bucklew's assessment persuasive because it was largely consistent with the record, as Plaintiff's mental status examinations demonstrated no more than moderate limitations with mental functioning. (Tr. 25). The ALJ also found Dr. Bucklew's assessment fairly consistent with the findings of the psychological consultative examiner Thomas Spencer, Psy.D., discussed below. (*Id.*). The Social Security regulations explicitly provide that state agency consultants are "highly qualified ... experts in Social Security disability evaluations" and that ALJs "must consider" their findings as medical opinion evidence. 20 C.F.R. §§ 404.1513(c), 404.1527(e). *See also Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (holding it was proper for the ALJ to rely on the opinion of the state agency consultant where it was consistent with other evidence).

Dr. Spencer opined that Plaintiff had moderate impairment in her ability to learn, recall, and use information and to consistently stay on task, as well as marked impairment in her ability to relate to and work with others on a consistent basis. (Tr. 712). The ALJ found Dr. Spencer's evaluation "somewhat persuasive," except that the evidence of record does not reflect a marked impairment in relating to and working with others on a consistent basis. (Tr. 25). The ALJ noted that Plaintiff's issues getting along with others were situational in nature and related primarily to her daughter's drug abuse and choice of boyfriends. (Tr. 22, 25). *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010) (claimant's anxiety and depression were not disabling but were situational in nature and improved with medication and counseling). The ALJ's findings are supported by Dr. Spencer's examination of Plaintiff. Indeed, Plaintiff reported to Dr. Spencer that her daughter "bear[s] the brunt of her temper," that the police have been to her home in the past because of her aggression, and that she had assaulted her daughter at least once (while her daughter was pregnant). (Tr. 22, 710).

The record further demonstrates that Plaintiff has been able to cope despite the conflicts with her daughter. As the Commissioner notes, Plaintiff was able to take steps to protect her granddaughter, including contacting law enforcement and DFS and working toward and obtaining guardianship of her granddaughter. (Tr. 770, 722, 772 778, 786, 797, 800, 802). As for Plaintiff's alleged aggression towards others, the ALJ noted the lack of evidence that Plaintiff has ever been charged with assault or battery or spent time in jail or prison (Tr. 22). Plaintiff also admitted "it's been many years" since she has behaved violently towards anyone. (Tr. 22, 757).

The ALJ discounted Dr. Gowda's opinion that Plaintiff's mental limitations would prevent her from working for 20% of an eight-hour workday and cause her to miss two or more workdays per month. (Tr. 855-57). The ALJ found Dr. Gowda's assessment unpersuasive in terms of

11

supportability and consistency with the record, which reflects that Plaintiff routinely attended appointments on time and interacted appropriately with medical sources and government employees. (Tr. 25).

While Plaintiff may have some difficulty interacting with others, the ALJ's mental RFC sufficiently accounts for her social limitations as understood through the objective evidence in the record by restricting her to only "occasional [and] superficial" interaction with supervisors and coworkers at a maximum, and no interactions whatsoever with the public. (Tr. 19). These restrictions limit Plaintiff's social interactions to only those which are essential to her work. The mental RFC also emphasizes that Plaintiff should work independently, and with "things" (as opposed to people.)

## VI. Conclusion

For these reasons, the Court finds the ALJ's evaluation of Plaintiff's subjective complaints is supported by substantial evidence on the record as a whole. The Court will, therefore, affirm the ALJ's decision.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's complaint is **DISMISSED with prejudice**. A separate Judgment will accompany this Memorandum and Order.

Dated this 15th day of September, 2022.

_John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**